■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH L. LAFLER, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered April 23, 1976, upon a verdict convicting defendant of the crime of grand larceny in the second degree. The defendant was indicted for the crime of stealing a car from a rental agency "on or about" August 29, 1975. The defendant concededly rented a car from a rental agency on August 28, 1975 and at that time stated he would return it on August 29, 1975. At the time he rented the car he gave the agency his driver's license from which his address in North Carolina was ascertained and he gave his parents' local address in Elmira, New York, and advised the manager of the agency that he was employed by Kern's Trucking Company in North Carolina. A rental agreement was executed by the parties. The manager of the rental agency was not advised of any request by the defendant for an extension of the lease and the defendant did not return the car on August 29, 1975. The manager testified that when the car was not returned by noon on August 29, he called the named employer from whom he got the defendant's Social Security number and then called the police. He reported the car as stolen on August 30, 1975 and on September 9, 1975 a Canadian policeman spotted the car in White Plains, Ontario. In the course of confirming the stolen status of the car the policeman asked the

defendant where he was employed and the defendant said he was working for a horse stable in Canada. The court charged the jury both as to grand larceny (Penal Law, § 155.35) and as to unauthorized use of a vehicle in violation of subdivision 3 of section 165.05 of the Penal Law. The jury found that the defendant had stolen the car and did not reach the question of unauthorized use of a vehicle. While it appears that the District Attorney changed his mind with reference to some alleged statement at the *Huntley* hearing and thereafter introduced the same in evidence before the court, the error, if any, was not sufficient to require a reversal. From our review of the record we find sufficient testimony therein to sustain the verdict of the jury as to grand larceny, second degree. Judgment affirmed. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.